UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE NO.

ZURICH AMERICAN INSURANCE COMPANY
a/s/o COMMUNITY COFFEE COMPANY LLC,

      Plaintiff,

v.

CAPITAL LOGISTICS GROUP, LLC,

      Defendant.

_____/

## COMPLAINT

Plaintiff, Zurich American Insurance Company as subrogated underwriter of Community Coffee Company LLC (hereinafter "Zurich" or "Plaintiff"), by and through undersigned counsel, as and for its complaint against Defendant Capital Logistics Group, LLC ("Defendant" or "Capital Logistics"), alleges upon information and belief as follows:

## THE PARTIES

1.      Zurich is a New York corporation, engaged in the insurance business, with a statutory home office located at 4 World Trade Center, 150 Greenwich Street, New York, New York, 10007, with a principal place of business in Illinois.

2.      Zurich is an insurance company.

3.      At all relevant times Zurich insured Community Coffee Company LLC ("Community Coffee"), which is organized and existing under the laws of Louisiana with its principal place of business at 3332 Partridge Lane, Building A, Baton Rouge, Louisiana 70809, pursuant to a particular policy of insurance.

4.      Defendant Capital Logistics, was and is a limited liability company duly formed, organized and existing under and by virtue of the laws of the State of Florida with a principal place of business located at 4100 Southpoint Drive East, Suite 3, Jacksonville, Florida 32216.

## JURISDICTION AND VENUE

5.      The following issues concern the loss of goods while being transported by motor vehicle between a place in a state and a place in another state, governed by the Carmack Amendment to the Interstate Commerce Act ("Carmack Amendment"), 49 U.S.C. § 14706 *et seq.*, and thereby come within the jurisdiction of this Court pursuant to 28 U.S.C. § 1331.

6.      This Court also has jurisdiction over this matter pursuant to 28 U.S.C. §1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and there is complete diversity of citizenship between the Plaintiff and Defendant.

7.      Venue is proper in this Court because Defendant's principal place of business is located in Jacksonville, Florida.

## GENERAL ALLEGATIONS

8.       At all times hereinafter mentioned, Zurich was the cargo insurer of Community Coffee pursuant to a particular policy of insurance.

9.      On or about May 28, 2025, Community Coffee hired Capital Logistics to transport and/or arrange for the transport of sacks of coffee it owned from New Orleans, Louisiana to Knoxville, Tennessee, by road transit for hire.

10.     On or about May 28, 2025, the shipment of coffee sacks was loaded onto a single trailer for transportation from New Orleans, Louisiana to the intended destination.

11.     The shipment was in good order and condition when tendered for carriage to the intended destination.

12.     A bill of lading and shipping receipt was issued for the shipment.

13.     The bill of lading and shipping receipt was issued clean for the shipment.

14.     Sometime on or about May 28, 2025, the shipment was stolen by the entity hired by Defendant, Big Show Logistics, LLC ("Big Show"), and was never delivered to destination or returned to Community Coffee.

15.     Due to the theft of the shipment of coffee Community Coffee suffered losses of not less than $132,029.87.

16.     Community Coffee submitted an insurance claim to Zurich for the loss of the shipment.

17.     Zurich paid $127,029.87 to Community Coffee for the insurance claim submitted to it for the loss of the shipment.

18.     By virtue of the payment, Zurich is equitably and/or contractually subrogated to the rights and claims of Community Coffee for Zurich's payment and also seeks to recover the $5,000.00 deductible of Community Coffee in this action.

19.     By reason of the premises, the damages sustained by Zurich, as nearly as the same can be estimated, no part of which have been paid by Defendant, although demanded, are in the amount of at least $132,029.87.

## COUNT I – CARMACK AMENDMENT

20.     Zurich repeats and realleges each and every allegation set forth in paragraphs "1" through "19" of this Complaint as if herein stated in full.

21.     Defendant is a carrier subject to the Carmack Amendment.

22.     A contract of carriage or other contract existed between Community Coffee and Defendant in connection with the shipment.

23.     Such contract of carriage or other appliable contract concerns the interstate transportation of property by motor vehicle.

24.     The bill of lading, shipping receipt, the contract of carriage or other applicable contract, and the shipment are subject to the provisions of the Carmack Amendment.

25.     The shipment was in good order and condition when tendered to Defendant for carriage to intended destination.

26.     The shipment was never delivered to its intended destination.

27.     Community Coffee suffered damages because of the loss of the shipment.

28.     Under the Carmack Amendment, Defendant is liable for the loss of the shipment.

29.     Plaintiff, as subrogated underwriter, is entitled to recover the damages suffered because of the loss of the shipment.

### COUNT II – BREACH OF CONTRACT (ALTERNATIVE RELIEF)

30.     Zurich repeats and realleges each and every allegation set forth in paragraphs "1" through "19" of this Complaint as if herein stated in full.

31.     A contract of carriage or other contract existed between Community Coffee and Defendant in connection with the shipment.

32.     Such contract of carriage or other applicable contract concerns the interstate transportation of property by motor vehicle.

33.      All obligations under the contract of carriage or other applicable contract to be performed on the part of Community Coffee were performed, waived or otherwise excused.

34.    Among other obligations and duties, Defendant had an obligation and duty to deliver the shipment in good order and condition to the intended destination.

35.    Among other obligations and duties, Defendant had a duty to properly and carefully handle, keep and care for the property being transported.

36.    Defendant breached the contract of carriage or other applicable contract by failing to deliver the shipment to the intended destination.

37.    Defendant breached the contract of carriage or other applicable contract by subcontracting the carriage of the shipment to a third-party.

38.    Defendant should not have subcontracted the shipment to Big Show because Defendant knew or should have known that Big Show was unqualified or was otherwise inadequate at the time of subcontract and it failed to properly vet Big Show.

39.    Defendant breached the contract of carriage or other applicable contract by subcontracting the carriage of the shipment to a third-party who was not qualified, that it failed to properly vet or was otherwise inadequate to transport the shipment from Louisiana to the intended destination.

40.    Defendant breached the contract of carriage or other applicable contract by hiring a third-party who was not qualified, was not properly vetted or was otherwise inadequate to transport the shipment from Louisiana to the intended destination.

41.    Defendant otherwise breached the contract of carriage or other applicable contract.

42.    Community Coffee suffered damages because of the breach of contract by Defendant.

43.    Plaintiff, as subrogated underwriter, is entitled to recover the damages suffered because of the loss of the shipment.

## COUNT III –VICARIOUS LIABILITY (ALTERNATIVE RELIEF)

44.     Zurich repeats and realleges each and every allegation set forth in paragraphs "1" through "19" of this Complaint as if herein stated.

45.     A contract of carriage or other contract existed between Community Coffee and Defendant in connection with the shipment.

46.     Such contract of carriage or other applicable contract concerns the interstate transportation of property by motor vehicle.

47.     Defendant subcontracted the carriage of the shipment from Louisiana to Tennessee to a third-party, Big Show.

48.     In providing motor vehicle transportation for compensation, Big Show had a duty to properly and carefully handle, keep and care for the property being transported.

49.     Big Show breached this duty and was otherwise negligent in its handling of, keeping of and caring for the shipment.

50.     Big Show's negligence was the proximate cause of the loss of the shipment.

51.     Defendant is vicariously liable for Big Show's negligence and loss of the shipment.

52.     Community Coffee suffered damages because of the subject negligent acts for which Defendant is responsible.

53.     Plaintiff, as subrogated underwriter, is entitled to recover the damages suffered because of the loss of the shipment.

## COUNT IV – NEGLIGENCE (ALTERNATIVE RELIEF)

54.     Zurich repeats and realleges each and every allegation set forth in paragraphs "1" through "19" of this Complaint as if herein stated.

6

55.     Upon information and belief Defendant alleges that it did not act as a carrier with regarding to the shipment but, rather, acted only as a broker with regard to the shipment.

56.     Upon information and belief Defendant alleges that Community Coffee hired Defendant only to arrange for the transport of the shipment from Louisiana to Tennessee by motor vehicle.

57.     Plaintiff disputes and does not admit Defendant's allegations.

58.     Defendant arranged for a third-party, Big Show, to transport the shipment from Louisiana to Tennessee.

59.     If Defendant did act as a broker with regard to the shipment, Defendant had a duty to act with due diligence and to properly and carefully select and vet any third-party it hired to transport the shipment.

60.      If Defendant did act as a broker with regard to the shipment, Defendant negligently breached this duty when it selected, failed to properly vet and hired Big Show to transport the shipment from Louisiana to Tennessee.

61.     Big Show was not qualified, was not properly vetted or was otherwise inadequate to transport the shipment from Louisiana to the intended destination.

62.     Defendant should not have hired Big Show because Defendant knew or should have known that Big Show was unqualified, was not properly vetted or was otherwise inadequate at the time of the hire.

63.     If it did act as a broker with regard to the shipment, Defendant negligently breach its duties in arranging for the transport of the shipment from Louisiana to Tennessee by motor vehicle.

64.     Defendant's negligence was the proximate cause of the loss of the shipment.

65. Community Coffee suffered damages due to the negligence of Defendant which resulted in the loss of the shipment.

66. Plaintiff, as subrogated underwriter, is entitled to recover the damages suffered because of the loss of the shipment.

## COUNT V – BREACH OF CONTRACT (ALTERNATIVE RELIEF)

67. Zurich repeats and realleges each and every allegation set forth in paragraphs "1" through "19" of this Complaint as if herein stated.

68. A contract existed between Community Coffee and Defendant in connection with the shipment.

69. Such contract concerns the interstate transportation of property by motor vehicle.

70. All obligations under the contract to be performed on the part of Community Coffee were performed, waived or otherwise excused.

71. Upon information and belief Defendant alleges that it did not act as a carrier with regard to the shipment but, rather, acted only as a broker with regard to the shipment.

72. Plaintiff disputes Defendant's allegations.

73. If defendant acted as a broker with regard to the shipment, among other obligations and duties, Defendant had an obligation to act with due diligence and to properly and carefully select and vet any third-party it hired to transport the shipment.

74. If it did act as a broker with regard to the shipment, Defendant breached the contract when it selected and hired Big Show to transport the shipment from Louisiana to Tennessee.

75. Big Show was not qualified, was not properly vetted or was otherwise inadequate to transport the shipment from Louisiana to intended destination.

76.    Defendant should not have hired Big Show because Defendant knew or should have known that Big Show was unqualified, was not properly vetted or was otherwise inadequate at the time of the hire.

77.    If it did act as a broker with regard to the shipment, Defendant otherwise breached its contract with Community Coffee to arrange the transportation of the shipment from Louisiana to Tennessee by motor vehicle.

78.    Community Coffee suffered damages due to the breach of contract by Defendant which resulted in the loss of the shipment.

79.    Plaintiff, as subrogated underwriter, is entitled to recover the damages suffered because of the loss of the shipment.

## COUNT VI – BAILMENT (ALTERNATIVE RELIEF)

80.    Zurich repeats and realleges each and every allegation set forth in paragraphs "1" through "19" of this Complaint as if herein stated.

81.    The shipment was entrusted to the care, custody and control of Defendant and/or persons for whom Defendant is vicariously liable for delivery to the intended destination.

82.    The shipment was in the care, custody and control of Defendant and/or person for whom Defendant is vicariously liable at the time said shipment was lost.

83.    Defendant and/or persons for whom Defendant is vicariously liable failed to deliver the shipment to the intended destination.

84.    Defendant and/or persons for whom Defendant is vicariously liable failed to return the shipment in good order and condition.

85.    The loss of the shipment was caused by or resulted from the acts or omissions of Defendant and/or person for whom Defendant is vicariously liable.

86.   Community Coffee suffered damages because of the acts or omissions of Defendant and/or person for whom Defendant is vicariously liable.

87.   Plaintiff, as subrogated underwriter, is entitled to recover the damages suffered because of the loss of the shipment.

## RELIEF REQUESTED

**WHEREFORE**, Plaintiff request that this Court enter judgment against Defendant on  any count and/or all counts as set forth above for:

a.   An amount more than $75,000;

b.   Such other and incidental and consequential damages as may be proven at trial;

c.   For pre-verdict interest and/or post-verdict interest as allowed by law;

d.   For costs allowed by law;

e.   For attorneys' fees allowed by law;

f.   For any other fees allowed by law; and

g.   For such other and further relief as the Court deems just and proper.

May 21, 2026
Miami, Florida

Respectfully submitted,

By:  **S/Michael C. Black**
Michael C. Black, Esquire
F.B.N. 056162
mblack@marlaw.com
MICHAEL C. BLACK, P.A.
The Greenery Mall at Dadeland
7700 North Kendall Drive, Suite 305
Miami, Florida 33156
Telephone:     (305) 271-8301
Facsimile:      (305) 271-8302
*Attorneys for Plaintiff*